IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A. GOMEZ, | No. C 12-2338 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| G. LEWIS, Warden, | |
| Respondent. | (Docket No. 3) |

**INTRODUCTION**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the calculation of his time credits. He has applied for leave to proceed in forma pauperis. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

**ANALYSIS**

**A.　STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### B. LEGAL CLAIMS

Petitioner states that prison officials have changed his "work group category status from D1 to D2 status" pursuant to a new California law, California Bill Number SBX3-18. The effect of that status change is that he no longer earns credits against his sentence at the rate he previously earned them, and he will be released from prison 13 months later than he would have been released. As grounds for federal habeas relief, petitioner claims that the application of this law to him is prohibited by the Ex Post Facto Clause, and also violates his plea agreement. When liberally construed, this claim is cognizable. Petitioner also sets forth a second claim in which he argues that his case is distinguishable from two decisions by the California courts. This is not an independent ground for federal habeas relief, but rather is an argument for why relief should be granted on his first claim. It will be considered as such.

## CONCLUSION

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously

and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. The application for leave to proceed in forma pauperis (docket number 3) is **GRANTED** in light of petitioner's lack of funds.

**IT IS SO ORDERED.**

Dated: June  11 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

N:\GOMEZ2338.OSC.wpd

3