UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEXANDER GOMEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>SUZANNE M. PEERY, et al.,<br><br>  Defendants. | Case No. 3:12-cv-02338-JD<br><br>**SUPPLEMENTAL ORDER RE PETITION FOR HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

On November 30, 2015, the Court held a telephonic conference with counsel for all parties to prepare for an evidentiary hearing on petitioner's plea agreement claim set for December 16, 2015. Dkt. No. 40. During that call, and in the papers filed by petitioner for it, three unusual facts came to light: (1) Mr. Gomez expressed a desire not to appear at the hearing because he has started a job training program and apparently was threatened by the prison administration with losing his spot in that program if he was absent for his day in court; (2) in any event, counsel for petitioner expressed a desire to submit Mr. Gomez's plea agreement claim for decision on the papers; and (3) respondents stated that they saw no need for a hearing because they have no witnesses or evidence to present and stipulated to withdraw all objections to petitioner's previously-submitted declarations on the issue. The Court expressed strong concern about the dilemma of forcing Mr. Gomez to choose between giving up his appearance at the hearing or his place in a coveted training program. The Court ordered respondents to clarify this troubling situation, which they did by filing a statement from the Warden that Mr. Gomez would not be penalized for missing some training to pursue his case. Dkt. No. 41.

That leaves the issue of how to resolve the plea agreement claim. As the Court held in the prior order, this issue is subject to de novo review, the evidence in the record about the plea agreement is ambiguous, and an evidentiary hearing on the terms and conditions for the 15%

conduct credit was warranted.  Dkt. No. 34.  But both sides have now affirmatively waived the option of an evidentiary hearing.  Consequently, the Court will follow the parties' lead and decide the plea agreement claim on the papers.  Counsel for petitioner has advised the Court that if the hearing had occurred, he intended to offer testimony from two criminal defense attorneys and petitioner's former counsel.  Dkt. No. 38.  If petitioner still intends to proffer this evidence, he should file the appropriate declarations by December 23, 2015.  Respondents have expressly stated that they have no additional evidence to tender, and have abandoned any objections to the admissibility of the evidence already presented.  Respondents may file counter-declarations or objections to the new declarations by January 6, 2016.  After that, the Court will rule on the issue without a hearing or further argument.

Petitioner has also moved to a new prison and has asked to substitute Suzanne M. Peery, Warden of High Desert State Prison, as respondent in place of G. Lewis.  Dkt. No. 36.  Respondents do not object, and the substitution is granted.

**IT IS SO ORDERED.**

Dated: December 3, 2015

_____
JAMES DONATO
United States District Judge